IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CAROLYN S. SAULTERS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. 3:16-CV-1305-M |
| § | |
| **WAL-MART STORES TEXAS, LLC,** § | |
| § | |
| **Defendant.** § | |
| § | |
| § | |

### MEMORANDUM OPINION ORDER

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 12). For the reasons stated below, the Motion is **DENIED**.

### I. BACKGROUND

This is a premises liability case arising out of injuries Plaintiff Carolyn Saulters sustained on September 8, 2015, when she slipped and fell in front of an ice machine inside a Wal-Mart store in Dallas, Texas. Saulters claims that after checking out, she proceeded to the exit and slipped and fell on water in front of the ice machine. The slip and fall resulted in Saulters fracturing her right patella. On April 1, 2016, Saulters filed suit in state court, alleging that Wal-Mart was liable for her injuries. On May 12, 2016, Wal-Mart removed the case to this Court, and now moves for summary judgment.

Video surveillance recorded the incident.[1] Just before Saulters' fall, a customer approached the ice machine, removed a bag of ice, and dropped it into his shopping cart, before exiting the store. For approximately thirty seconds after that, no other customer or employee

---

[1] The video also shows what happened forty-five minutes before and after the incident.

1

walked near that area. As Saulters moved toward the exit, she crossed over the place where the previous customer removed a bag of ice into his cart, and she slipped and fell. The area directly in front of the ice machine was not covered by a mat, nor were any warning signs present.

## II. LEGAL STANDARD

Summary judgment is appropriate if the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A dispute of a material fact is genuine if a reasonable jury viewing the evidence could reach a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of showing the absence of evidence to support the nonmovant's claims. *Celotex*, 477 U.S. at 325. Once the movant satisfies this initial burden, the burden shifts to the nonmovant to show summary judgment is not proper. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). To carry this burden, the nonmovant must designate specific facts in the record to show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. All evidence and inferences must be viewed in the light most favorable to the nonmovant. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

Under Texas law, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). However, the property owner is not the insurer of a patron's safety. *Wal-Mart v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To prevail on her premises liability claim, Saulters must show: (1) a condition in Wal-Mart's store posed an unreasonable risk of harm; (2) Wal-

Mart knew or reasonably should have known of this risk; (3) Wal-Mart failed to exercise ordinary care to protect Saulters from this condition; and (4) Wal-Mart's failure to do so was a proximate cause of Saulters' injury. *See Del Lago Partners*, 307 S.W.3d at 767. To establish constructive notice, Saulters must show "some proof of how long the hazard was there" to best indicate whether Wal-Mart "had a reasonable opportunity to discover and remedy [the] dangerous condition." *See Reece*, 81 S.W.3d at 815-16; *see also Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

### III.    ANALYSIS

Wal-Mart argues that Saulters fails to raise a genuine issue of material fact regarding two elements—1) whether Wal-Mart had actual or constructive notice of a dangerous condition and 2) whether such a condition posed an unreasonable risk of harm.

With respect to notice, Saulters argues that Wal-Mart's standard procedure for its regular morning floor cleaning near the ice machines was to temporarily remove the mat normally in front of the ice machine and to display warning signs of wet areas until the floor is reasonably dry.[2] DeJean Mickles, a Wal-Mart employee, testified that the floor mat is "supposed[d] to go in front of both ice makers…because it's an ice marker. It pertains ice just like water and just in case that it falls."[3] Mickles further testified that floor cleaning occurs every morning, that mats are picked up for cleaning and put back as soon as the floor is dry, and that by 9:00 a.m. on the day of Saulters' fall, the daytime maintenance crew had already cleaned.[4] Saulters asserts that no mat or warning signs were in place when she fell at approximately 9:15 a.m.[5] Surveillance

---

[2] Deposition of Dejean Mickles, Wal-Mart employee (ECF No. 17 at App. 10-18).
[3] *Id*. at App. 15.
[4] *Id*. at App. 16.
[5] Although Wal-Mart's cameras do not have a live time stamp, the video of the incident begins at 8:30 a.m., and Saulters fell forty-five minutes later.

3

footage confirms the absence of a mat or warning signs in front of the ice machine during the forty-five minutes leading up to Saulters' fall. Saulters contends that the jury, as fact finder, could reasonably infer that the floor was still wet from a morning cleaning, and that Wal-Mart therefore had notice of an unreasonably dangerous condition it created when it failed to employ its standard precautionary measures of displaying warning signs.

Mickles also testified that one reason for the policy to place a mat in front of the ice machine was to protect persons in the store from slipping on ice or leaked water.[6] Saulters argues that the jury could determine that Wal-Mart's failure to adhere to its mat policy or its warning signs created an unreasonable risk of harm, and that Wal-Mart had constructive notice of the dangerous condition. *See Corbin v. Safeway*, 648 S.W.2d 292, 296 (Tex. 1983) (holding Plaintiff could satisfy notice requirement and recover for premises liability claim if store failed to place a mat on the floor, contrary to general store maintenance practices). The surveillance footage and Mickles' deposition testimony is circumstantial evidence that Wal-Mart had either constructive or actual notice of a dangerous condition. Therefore, a fact question exists, and summary judgment is improper.

With respect to the second element, unreasonable risk of harm, Wal-Mart contends there is no evidence of a condition that posed an unreasonable risk of harm. Wal-Mart notes that Saulters admitted in her deposition testimony that she does not know what kind of substance caused her fall. Wal-Mart also points to Mickles' testimony that no liquid was visible on or near Saulters after she fell.[7]

---

[6] Deposition of Dejean Mickles, Wal-Mart employee (ECF No. 17 at App. 10-18).
[7] *Id*.

Saulters asserts that her being unaware of what she slipped on is irrelevant to Wal-Mart's liability. She claims that she slipped on something on the floor, causing her patella to fracture.[8] It is unclear from the surveillance footage whether she slipped on something. Saulters argues that a wet spot on the floor from the ice machine and Wal-Mart's failure to deploy standard safety measures next to the ice machine is evidence of a condition that presented an unreasonable risk of harm. In the alternative, she argues that a slippery floor without a mat or a warning sign after the morning cleaning is also a condition that presents an unreasonable risk of harm. The surveillance footage, Saulters' testimony that she slipped on something, and Mickles' deposition testimony indicating that Wal-Mart possibly acted contrary to store policy, is circumstantial evidence that there was either a slippery floor from the morning cleaning, or a wet spot because of the icemaker with no mat or warning signs. The jury, as fact finder, could determine either or both of these conditions posed an unreasonable risk of harm. Therefore, a fact question exists, and summary judgment is improper.

### IV. CONCLUSION

Because fact questions exist as to whether Wal-Mart had actual or constructive notice of a dangerous condition and whether the condition posed an unreasonable risk, Defendant's Motion for Summary Judgment is **DENIED**. The Court will reset the trial date in a separate order.

**SO ORDERED**.

July 14, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

[8] Deposition of Carolyn Saulters (ECF No. 17 at App. 6-8).